May it please the court, Robert Stone, on behalf of the felon defendant, Cedro Moreno-Hernandez. There are two reasons. Well, excuse me one minute. Could the clerk note that the case was submitted, the last case? There are two reasons why the court's imposition of a 16-level enhancement in Mr. Moreno-Hernandez's case were air. Both of them involved the single issue of whether his prior conviction was a felony for the purposes of federal sentencing law. The first one involves around the Supreme Court's recent decision in Blakely v. Washington, decided after opening briefs were submitted in this case and raised in my 28-J letter to this court dated July 28. That has to do with whether Mr. Moreno's prior conviction was punishable by a term of imprisonment exceeding a year. Even if this court doesn't consider the subsection 3C, witness of a minor child or witness by a minor child of the assault, even if you do not consider that a sentencing enhancement or stating the flip side, if you consider a misdemeanor assault for witness by a child as a separate crime in Oregon labeled as a felony by the state of Oregon, even if you do that, it's still not a felony for the purposes of federal sentencing law because we no longer look to the five-year indeterminate sentence in ORS 161605 relied upon by the government saying that it is a crime punishable by a term exceeding a year. You look to the statutory maximum under the holding in Blakely which says that maximum punishment that Mr. Moreno was subject to was the presumptive guideline sentence. In his case, the Klamath County Circuit Court judgment contains the information that Mr. Moreno Hernandez was a 6H on the Oregon sentencing guidelines. So in other words, you're not relying on Blakely with regard to the federal situation at all. You're relying on it with regard to how we interpret the Oregon statute. Yes. We don't have briefing on this precise question. It was raised in my 28-day letter as best I could. I did not brief it further than that. I would note to the court that the State v. Dilts case that originally was sent to the Supreme Court was remanded back to the Oregon State Supreme Court after Blakely has not been decided, but the Oregon Court of Appeals on September 9th decided State v. Sawatsky. In that case, the Oregon Court of Appeals determined that Blakely does apply to the Oregon sentencing guidelines. So my argument is that, or I would submit to the court, that Mr. Moreno Hernandez's maximum sentence, the maximum punishment that he was exposed to, was the presumptive guideline under a 6H guideline range under the Oregon sentencing guidelines. That provides that the presumptive sentence is 36 months probation. There's a possibility with 180 sanction units with the judge giving the authority or the discretion  But this is a Class C felony, correct? It's labeled as a Class C felony in Oregon. Under Class C felony, what is the statutory penalty? ORS 161-605 says that there's an indeterminate maximum of five years for a Class C felony. Blakely says that that doesn't apply.  Blakely says that unless you can reconcile with the language of an offense punishable by a term exceeding one year, with the language in Blakely that says that the statutory maximum for Mr. Moreno Hernandez was his presumptive guideline sentence. So he could not apply that. But the other interesting question is that you're suggesting that we look through the prism of current constitutional law, I assume you're right about current constitutional law, at what he was exposed to at the time when, in fact, nobody thought this was a problem. This is all very sort of interesting. I hadn't thought about it. But in other words, can we take Blakely and push it back to the question of what he was exposed to under Oregon law at the time he was convicted under Oregon law? I believe that you can. Is there any authority for that? Has anybody since Blakely looked at this question? Blakely does not deal with the issue of retroactivity. Is this a retroactivity question? Would you consider it to be that? I would not. I mean, this is an issue that was pending on appeal when Blakely was decided. So when it was raised. So what was pending on appeal is how we consider it. But the Oregon sentence was not pending on appeal. It was not pending on appeal in Oregon state courts at the time that it was decided. Now, at the time that you just said it's a federal sentence was decided. There was nothing pending in Oregon. That was finished. That's correct. Let me ask a question here on this. I, for one, think you did exactly the right thing. When you give us a 28 J letter, you can't submit a brief with it. That has to be ordered to get a supplemental brief. And we just get the citation. So I think you did the right thing there. But would it be helpful from your client's perspective if we ordered supplemental post-argument briefing that permitted you to comment on Blakely in a brief? It certainly would with regard to Judge Berzon's question. Yes. Do I understand correctly? Your argument just jumps over whether or not this is a misdemeanor or a felony under the statute. Even if we say the statute says that it's a Class C felony and not bumped up from a misdemeanor to a felony, that even in that case, Blakely would indicate that it's still going to be a misdemeanor. Yes. And that's because I think Blakely and Taylor and all of the cases that I've cited stand for the proposition that you need to ignore state labels. It's the punishment that you look at and not the label that the state puts on it. So even if the district judge was right, I'm looking at the face of the statute, and it is a Class C felony. Even if he's right, he'd be wrong because of Blakely. I think he would because of Blakely. I also think that the district court judge was erred because she never applied the Taylor categorical approach to determine whether the core offense was a felony. And that was my original argument in the opening brief, and I think that's the Taylor-Corona-Sanchez-Pimentel-Flores line of cases that say that. And in this case, we don't have to go through the exercise of determining what the relevant statute was. We have that in front of us. But what about the government's point that if we were to – and I agree that there is language in both of those opinions that might support their view, and there's also language that might support the view that the concept is limited to situations in which you have an enhancement based on prior circumstance rather than the circumstance of the crime itself. If we were to think that any – take this core offense notion and apply it to any kind of an enhancement, why doesn't everything collapse down on us at that point such that any distinction between crime A and crime B, which requires an additional fact, can be looked at as an enhancement rather than as a definition of an element of a new crime? In other words, if you have a first-degree assault and a second-degree assault in two different statutes, and for first-degree assault, you need an injury, and for second-degree assault, you don't, why isn't the injury then an enhancement so that everything redounds back to being a misdemeanor? I understand, and I'm not sure that I can answer any better than what the Taylor court said. And you can have different degrees of assault as long as the core offense – This wasn't in Taylor. What did Taylor have to do with this? I'm sorry? This issue wasn't in Taylor. Well, the issue in Taylor was whether – was what the core offense would be. How would you determine what the core offense would be? Are you talking about Taylor or Corona-Sanchez? I'm sorry? Are you talking about Taylor or Corona-Sanchez now? Well, the issue in Taylor was how do you determine what the core offense is. Corona-Sanchez and Pimentel-Flores relied upon that, saying that when you're looking at statutes, you need to apply the Taylor categorical approach to determine whether the core offense was something that would be punishable under federal law. And the reason for that is simple, I think, is that federal law is applied throughout the country. State laws are applied individually. I'm sorry, but maybe I'm not communicating. Taylor dealt with the question of what was the offense. The core offense notion, as I understand it, was introduced in Corona-Sanchez. The notion that you could have a core offense, which was a misdemeanor, and enhancements, which under state law would make it a felony, but for purposes of applying Taylor, we don't consider those enhancements, right? So the question is, how far does that go? Does it go to any kind of enhancement, even one like this, which is sort of a substantive aspect of the crime? Well, if that enhancement is not part of the core offense. Well, how do we know? I'm asking, at what point is it because it's all in one statute that there's a distinction between the core offense and the enhancement? I think the answer to that is when you apply the categorical approach, according to Taylor, you come up with a common law definition for the offense or for the conduct that is commonly used. It's most commonly used among the states, and for the purposes of federal sentencing law, that's what you use. You don't use what the state labels as a felony. You use, and again, the reason for that, I think, is because under federal law, we want somebody who's punished for conduct in Oregon to receive the same sort of punishment under federal law that somebody who does the same conduct in Idaho or Montana receives, so that in Oregon, it may be a felony for someone to be convicted of an assault forward as a child. In Montana, it isn't. So someone who stands before the federal court having been convicted of exactly the same conduct. What is the federal definition here? What federal provision are we applying? What's the language of it? It's 2L. And it says what? Crime of violence. Felony, crime of violence. It says felony, crime of violence. Okay. And so we have not contested that this would be a crime of violence. It's an assault forward. The issue is whether it's a felony, and a felony application note to 2L1.2 says it must be a federal, state, or local offense punishable by a term of imprisonment exceeding one year. And the question is whether this conviction is punishable by a term of imprisonment exceeding one year. And my arguments are twofold. One, under Blakely, it's not. The second, if you apply the Taylor categorical approach, it is also not. I don't even think you need to get to the issue of the sentencing enhancement. If you apply the categorical approach, you're not falling away. Felony, crime of violence is not a common law term. It's a statutory term. No, but assault is. And simple assault, which is what I would argue that this is. It's a misdemeanor assault in Oregon unless you have these extra things that have happened, two of which, not coincidentally, are recidivist enhancements. Suppose the statute merely said assault in the fourth degree is a Class C felony if the person commits the crime of assault in front of a minor. That's all the statute says. Would there be a difference? Well, if it created a separate assault, I would say yes. Yeah, because it's in a separate statute, separate crime. Well, actually, no. I would say no, because I think you still have to apply the Taylor categorical approach. And to do that, it says that you determine what this core offense is. Well, this is the core offense. The core offense is an assault in front of a minor. Well, it may be in Oregon. But the question for federal sentencing law purposes is that the core offense commonly used among states. Well, suppose Oregon's the only one that's made it a crime. Then I would say no. Then even though Oregon makes it a crime, we just say that has nothing to do at all with our determination. Well, I think the clear holding in Taylor and Corona Sanchez is that you ignore state labels. You look to the language of the statute and you compare that. The court looks only to the language of the statute. You compare that using the Taylor categorical approach to the core offense. The core offense here is an assault in front of a minor. I'm sorry? The core offense here is an assault in front of a minor. Well, if the court, using the Taylor approach, determines that that is, and I don't think they can do that because I don't think that that's a core offense. Well, look, the definition of crime of violence is means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person or another, and it includes murder, manslaughter, etc. So it doesn't have to be aggravated assault. It just has to be an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person or another. That's correct, Your Honor, but I'm not saying it's not a crime of violence. I'm saying it's not a felony for the purposes of federal sentencing law. So you have to go to the application note that defines felony and determine whether it's an offense that's punishable by a term exceeding one year, and I don't believe you can do that. You're saying it's not always punishable by a term exceeding one year? That's correct, Your Honor. I'm saying either under Blakely or under Taylor, it's not an offense. It's not categorically punishable by a term of more than one year? Yes. I got it. Well, we're more than five minutes over time, but if the panel has more questions, we'll continue. Otherwise, we'll ask you to sit down. Now, thank you for your support, counsel. My name is Robert Thompson. I'm the assistant U.S. attorney handling this case. I think the difference between this case and the Taylor, Corona-Sanchez, Pimentel-Flores cases that have been cited by the defense is that we did our job in this case. We provided the court with the statute. We provided the court with the conviction. There's still a question of what the language of Corona-Sanchez and Pimentel-Flores mean when they talk about core offenses and enhancements. Does that mean any kind of enhancement or does it mean only certain kinds of enhancements? I understand your question there, Judge, and I will try to get to that. But one of the things that I would like to say about that is I think that this case is different than Corona-Sanchez and Pimentel-Flores because we have a different kind of statute. We have a statute here that very specifically made a crime and defined it specifically. In Corona-Sanchez, we were talking about a theft that could be theft of services. I'm sorry. That wasn't the issue that we're talking about in Corona-Sanchez. We're talking about the part of the opinion that said that essentially that a petty theft with a prior, that the prior is not part of the core offense. Therefore, even though California considers it a felony, it doesn't count for federal purposes. Well, I think that the way that Corona-Sanchez talked about that I think is specifically limited, and I cite this in my brief, to recidivist type of. . . All right, but Pimentel-Flores wasn't exactly that. Pimentel-Flores wasn't that, no, but that's because Pimentel-Flores, they had no idea what the person really was committing. I'm not at all sure I agree with your representation that there wasn't a conclusion in Pimentel-Flores that part of the prior that dealt with being under an order wasn't an enhancement for Corona-Sanchez purposes. Then they went on to say, well, we don't really know exactly what was happening. Well, they mentioned that it could have been an assault three or it could have been an assault four. But that's later in the opinion. It's a different point. I'm sorry. All right, let's assume that what I'm saying is correct, that in fact Pimentel-Flores held that an enhancement for committing an assault after being under court order doesn't, the enhancement part doesn't count towards whether it's a felony. Let's assume that. If we assume that, then where would you draw the line next? Well, I think that's really, that's my dilemma in trying to say where do you draw the line? You can't. Because once you say that, we have a situation, for example, here in Oregon where a person commits an assault four. It is you intentionally cause physical injury to another person. It's an assault three if you cause serious physical injury. I think that that then becomes a misdemeanor too. I don't think that the kind of enhancement there wasn't in Pimentel-Flores, which was not actually about the physical commission of the crime, but rather was about some prior event isn't distinguishable from an enhancement which actually defines the conduct as being made criminal. Well, I think the problem with Pimentel-Flores, at least the way I read it, is when they started talking about the enhancements, that it got, that it really was dicta. It really, they didn't know. Well, I'm asking you to take my hypothetical and tell me. Well, I am taking that. And what I'm saying is I don't know where you could draw the line then, Judge, because I think any time you have a lesser included offense that you would, as you I think mentioned earlier, the whole thing would collapse down to what the smallest crime would be. Because how could you draw a line if everything that's added as an element then becomes something that we disregard because we say the core offense is whatever the least common denominator is? I think we don't have a place where we can draw a line. And that's the difficulty. And I don't think that that's what the court meant in Pimentel-Flores. I understand. I'm trying to accept, you know, let's say that that's what they meant. I think that that would have to be reexamined because I don't think that that would be a position that this court could support because we would end up in a situation where any element that we added would be taken out and then we go back to the lowest common denominator. And it isn't just in assault that we would have situations like this, but we certainly would have that in this situation. And I think that's not what the guidelines talk about here. This is really not a case where there's any confusion. I mean, the guidelines section is very clear. It says a felony, it is a crime of violence. Both terms are defined in the guidelines. And I realize counsel is not arguing whether this is a crime of violence, but felony is also defined. And, in fact, a panel of this court that I cited in my brief, Robles Rodriguez, talks about what do we mean in terms of this categorical approach as to what is a felony. And a felony, according to Robles Rodriguez, and I think this matches with the definition here, is any state offense that's punishable by a term exceeding one year. This case is a five-year felony under the Oregon statutes, and a person can be sentenced up to five years before violating this offense. So I think in this case we have a situation where both of the terms are defined. It's not like Taylor, for example, where burglary was not defined and they had to go and look back at the Missouri statute, which was very vague and covered a lot of different things. Or Corona Sanchez, where theft covered so many things that we wouldn't normally think of as theft, plus you had to add in the recidivism. Or Pimentel Flores, where we can't really tell what the offense was, because they even mention in the opinion that it could have been based on negligence and it could have been based on a simple misdemeanor. We shouldn't be looking at the word assault. That's not used here at all. I've got your argument in hand as to the Pimentel and the Taylor issues. The only question I have is whether, because of Blakely, we should ask for supplemental briefing from both parties. I don't think that supplemental briefing is necessary in this case, because I think that Blakely has to be read together with Apprendi. And Apprendi says that other than the fact of a prior conviction, any fact that increases Pimentel. That's not his argument. That's not his argument now, as I understand it. He's not arguing about the current reliance on the prior conviction. What he's arguing about is whether Blakely would affect the characterization of the original Oregon offense as either a felony or a misdemeanor. I understand that. Well, then you should have addressed it. Pardon? You should have addressed that instead of addressing something else. This was never briefed, Your Honor. I know, but we asked the question and you started talking about something else. Well, I guess my point was, though, Your Honor, is that I don't believe that Blakely does apply to this situation. If we have to go back then and look at every person who's ever been convicted of anything and try to define it through a Blakely filter, that's hard to do. So there's a significant retroactivity problem is what you're saying. Yes, I think it is a retroactivity problem. But this is still a direct appeals. This is. So, I mean, we don't have to go back to everyone who's had their direct appeals. Yeah, well, necessarily if we say that it's permissible to look at it here. Well, it was never looked at at the trial level here either. This issue was never raised. In fact, you know, I have had this issue raised in other cases, but not in this one, where, you know, we then look at the guidelines that the state would have. I understand that. Normally, if the Supreme Court changes the law, we look at whatever they say through a direct appeal, at least. Well, if the court wishes, I'd be happy to submit some. So help me to hear it from both sides, frankly. But, you know, the panel will decide. Okay. Given any of your time, you've got a minute and a half left. You let your colleagues stray over time. I don't want to be unfair to you, but we've got a group of people waiting for us. I don't in any way feel like you're being unfair. Thank you. This case is submitted as of now. But if we decide to order supplemental briefing, we will then vacate the submission and defer submission until we get that brief. Okay. We thank both counsel. Very nicely argued a difficult case. All right. We're not going to defer now. We'll defer later. So we're heading straight over. Thank you, Judge. The score for this session stands adjourned. Thank you. Thank you. Thank you.
judges: Wallace, Gould, Berzon